UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES LLC; and AMAZON.COM, INC., | CASE NO. C26-670-KKE |
| Petitioners, | ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE |
| v. | |
| CHUNRENLAN ELECTRONIC TECHNOLOGY JIANGSU CO LTD, | |
| Respondent. | |

Petitioners Amazon.com Services LLC and Amazon.com, Inc. (collectively, "Amazon") filed an *ex parte* motion for authorization to complete service of process by alternative means on Respondent Chunrenlan Electronic Technology Jiangsu Co. Ltd. ("Chunrenlan"). *See* Dkt. No. 3. For the reasons below, the Court will grant Amazon's motion.

## I.   BACKGROUND

In this action, Amazon petitions to vacate an arbitration award in favor of Chunrenlan, a Chinese company, issued in an American Arbitration Association ("AAA") proceeding. *See* Dkt. No. 1, Dkt. No. 4 ¶ 2. Amazon claims that the award exceeded the arbitrator's authority and violated Amazon's due process right to a fundamentally fair hearing. Dkt. No. 1 at 10–18.

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 1

Throughout the arbitration proceedings, Chunrenlan was represented by U.S.-based attorney, Eric S. Lind.[1]  Dkt. No. 3 at 2–3.

On January 30, 2026, Amazon's counsel emailed Mr. Lind to notify him that Amazon intended to petition for vacatur of the award and to confirm whether Mr. Lind would accept service via email.  Dkt. No 4 ¶ 4.  Mr. Lind emailed back a week or so later, indicating he would not accept service on Chunrenlan's behalf but would consider an alternative arrangement to accept service once the case was filed.  Dkt. No. 4-2 at 2.  Amazon now requests leave to serve Chunrenlan pursuant to Federal Rule of Civil Procedure 4(f)(3) by sending the summons and petition to vacate to Mr. Lind via email and certified mail.  Dkt. No. 3 at 1.

## II.   ANALYSIS

### A.    Legal Standard

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations and states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f) provides three separate means to complete international service; one is not preferred over another.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" (citation omitted)).  Amazon seeks to serve Chunrenlan under Rule 4(f)(3), which permits service by any "means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).

The "task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is "commit[ted] to the sound discretion of the district court[.]"  *Rio Props.*, 284 F.3d at 1016.  However, service under Rule 4(f)(3) "must not be

---

[1] Chunrenlan was also represented by U.S. attorney Jiang Bian during the arbitration, though Bian has since withdrawn.  Dkt. No. 3 at 2–3.

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 2

prohibited by international agreement" and "must comport with constitutional notions of due process[.]" *Id.* at 1015.

**B.    The Court Will Grant Amazon's Request for Alternative Service**

The Court finds that Amazon's proposal to serve Chunrenlan's U.S. attorney by email and certified mail is appropriate as it will avoid unnecessary delay and because Mr. Lind has represented Chunrenlan throughout the arbitration proceedings from which this matter arose. Moreover, as discussed below, neither international agreement nor the Due Process Clause bars Amazon's request.

First, Amazon's proposal to serve Chunrenlan by way of its attorney, Mr. Lind, is not "prohibited by international agreement." *Rio Props*., 284 F.3d at 1015.  China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") and has opted out of certain forms of international service.  *See Contracting Parties*, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Mar. 24, 2026).  As multiple courts have concluded, however, the Hague Convention does not apply where service is effectuated domestically by serving a foreign defendant's U.S. attorney.  *See, e.g., Akerson Enters. LLC v. Shenzhen Conglin E-Com. Co.*, No. 24-CV-00506, 2024 WL 3510934, at *3 (W.D. Wash. July 23, 2024) (holding that request to serve "Defendants' U.S.-based counsel" by email fell outside the Hague Convention's scope); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause … the [Hague] Convention has no further implications."); *United States v. Aquatherm GmbH*, No. 3:22-CV-1101-JR, 2023 WL 3018936, at *2 (D. Or. Apr. 20, 2023) ("The Hague Convention … is not applicable when service … is done

domestically under Rule 4(f)(3).").  Thus, international law does not prohibit Amazon's proposal to serve Chunrenlan by sending the summons and petition to Mr. Lind via email and certified mail.

Nor does Amazon's proposal violate due process.  To comport with due process, a proposed method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  Amazon contends that its proposed method of service is reasonably calculated to provide actual notice to Chunrenlan because Mr. Lind "has represented [Chunrenlan] throughout the arbitration and post-award proceedings, authored its post-award submissions, and remains in communication with Amazon's counsel regarding this litigation."  Dkt. No. 3 at 5.  Additionally, Amazon states that Chunrenlan is aware of Amazon's intent to vacate the award, as demonstrated by the email exchange between Amazon's counsel and Mr. Lind submitted with this motion.  *Id.*; *see* Dkt. Nos. 4-1, 4-2.  In that exchange, Mr. Lind stated he would not accept service because he is "not licensed in Washington State" but nevertheless asked Amazon to confirm when the action was filed and stated that Chunrenlan "may be able to arrange for an acceptance of service" upon retaining counsel in Washington.  Dkt. No. 4-1 at 2.

Based on the foregoing, the Court finds that service to Mr. Lind comports with due process. The email exchange with Mr. Lind demonstrates that his email address remains active and that Mr. Lind has been in communication with Amazon regarding the underlying arbitration in his capacity as Chunrenlan's attorney.  *See Amazon.com, Inc. v. Chalova*, No. C23-0747JLR, 2024 WL 458281, at *1, *3 (W.D. Wash. Jan. 9, 2024) (W.D. Wash. Jan. 9, 2024) (finding email service satisfied due process where plaintiff sent test emails associated with defendant's Amazon accounts and received no bounce-back messages); *S.E.C. v. Jammin Java Corp.*, No. 215CV08921SVWMRW, 2016 WL 6650849, at *2 (C.D. Cal. Apr. 21, 2016) (holding service on

domestic attorney satisfied due process where defendant was "in contact with his U.S.-based counsel and [was] aware of the instant case" even though attorney was not authorized to accept service); *Microsoft Corp. v. Buy More, Inc.*, 703 Fed. App'x 476, 480 (9th Cir. 2017) (affirming district court's grant of alternative service on domestic counsel where defendant was "in contact with her counsel prior to [the] request for alternative service"). Accordingly, service on Mr. Lind by email and certified mail is reasonably calculated to apprise Chunrenlan of this action and, thus, accords with due process.

### III.   CONCLUSION

The Court therefore GRANTS Amazon's motion for alternative service. Dkt. No. 3 Service on Chunrenlan's domestic counsel by email at ericlindattorney@comcast.net and by certified mail at counsel's address: 9703 North 6670 West, Highland, UT 84003, is authorized and deemed effective to provide notice under 9 U.S.C. § 12.

Dated this 24th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 5